IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02821-BNB

IVAN STAMPS,

    Plaintiff,

v.

JEANNE SMITH,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 12 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Ivan Stamps, is a prisoner in the custody of the Colorado Department of Corrections at the Delta Correctional Center in Delta, Colorado. Mr. Stamps initiated this action by filing *pro se* a Complaint. On December 28, 2009, Mr. Stamps filed an amended complaint on the proper form. The court must construe the amended complaint liberally because Mr. Stamps is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Stamps will be ordered to file a second amended complaint.

The court has reviewed the amended complaint filed by Mr. Stamps and finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they

may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Stamps fails to provide a short and plain statement of the grounds for the court's jurisdiction in this action.  Mr. Stamps does assert a claim for declaratory relief pursuant to 28 U.S.C. § 2201.  However, part of the relief he seeks is an award of monetary damages and he fails to identify the statutory authority pursuant to which he is asserting the claim for monetary damages.

Mr. Stamps also fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  For example, with respect to the claim Mr. Stamps asserts pursuant to the Declaratory Judgment Act, he fails to identify the actual controversy that must exist before the court may consider issuing a declaratory

2

judgment, *see* 28 U.S.C. § 2201(a), and he fails to allege specific facts that demonstrate any actual controversy exists. Mr. Stamps alleges only that Defendant misrepresented herself as the El Paso County District Attorney and that he suffered "loss of wages and prospective advantage" as a result. (Prisoner Compl. at 4, 8.) Nowhere does Mr. Stamps explain how he interacted with Defendant or how his rights were violated. The court is aware that Mr. Stamps is serving a prison sentence pursuant to a conviction in the El Paso County District Court. **See Stamps v. Leyba**, No. 09-cv-00074-ZLW (D. Colo. May 20, 2009). To the extent he may be seeking to challenge the validity of his conviction in this action, he must pursue his claims pursuant to 28 U.S.C. § 2254. If Mr. Stamps is seeking other relief that necessarily would imply the invalidity of his conviction, it appears that his claims would be premature. **See Heck v. Humphrey**, 512 U.S. 477 (1994).

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Mr. Stamps will be ordered to file a second amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. In order to state a claim in federal court, Mr. Stamps "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). To the extent Mr. Stamps may intend to

pursue declaratory relief, the court notes that "a declaratory judgment plaintiff must present the court with a suit based on an 'actual controversy.'" ***Surefoot LC v. Sure Foot Corp.***, 531F.3d 1236, 1240 (10th Cir. 2008). In other words, the question in a declaratory judgment action "is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." ***Id.*** at 1244 (internal quotation marks omitted). Accordingly, it is

ORDERED that Mr. Stamps file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Stamps, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Stamps fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice. It is

FURTHER ORDERED that the Motion for Additional Service filed in this action on December 28, 2009, is denied.

DATED February 12, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02820-BNB

Ivan Stamps
Prisoner No. 68133
Delta Corr. Center
4102 Sawmill Mesa Road
Unit 5
Delta, CO 81416

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 2/12/10

GREGORY C. LANGHAM, CLERK

By_____
       Deputy Clerk