IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02821-BNB

IVAN STAMPS,

    Plaintiff,

v.

JEANNE SMITH,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 12 2010

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Plaintiff, Ivan Stamps, is a prisoner in the custody of the Colorado Department of Corrections at the Delta Correctional Center in Delta, Colorado. Mr. Stamps initiated this action by filing *pro se* a Complaint. On December 28, 2009, Mr. Stamps filed an amended complaint on the Court's Prisoner Complaint form. On February 12, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Stamps to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On March 1, 2010, Mr. Stamps filed a second amended complaint seeking damages and declaratory relief.

Mr. Stamps has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the second amended complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will

dismiss the second amended complaint and the action as legally frivolous.

The Court must construe the second amended complaint liberally because Mr. Stamps is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Stamps complains that defendant impersonated a district attorney for the State of Colorado's Fourth Judicial District and exercised jurisdiction as a district attorney when paperwork was filed against Mr. Stamps in 2003 that caused him to be held in the El Paso County Jail in Colorado Springs, Colorado. Mr. Stamps' complete description of the nature of this case is the following:

> Jeanne Smith, the defendant, under color of state law impersonated a 4th Judicial District Attorney; paperwork was filed under her authority on 11/10/2003 causing the plaintiff damage by being held in the El Paso County jail under a bond set at $100,000.00, and also depriving the plaintiff of the right to interact with a District Attorney who was properly in office under the state law and both constitutions. As a Colorado resident the plaintiff has a constitutional right to interact with elected public officials that qualify for office under the U.S. and State Constitutions. The defendant deprived the plaintiff of his constitutional protections that prevent interaction with a private person impersonating and exercising jurisdiction of a District Attorney. The cause of action and controversy is: (1) Was Jeanne Smith a District Attorney under the laws and Constitutions; (2) was she only a private person fraudulently posing as a District Attorney;

2

> (3) did she deprive the plaintiff of due process and
> constitutional protections?

(Second Am. Prisoner Compl. filed 3/1/2010 at 3.) The Court notes that Mr. Stamps is serving a prison sentence pursuant to a conviction in a 2003 case in the State of Colorado's Fourth Judicial District. **See Stamps v. Leyba**, No. 09-cv-00074-ZLW (D. Colo. May 20, 2009).

Mr. Stamps asserts his claim for damages pursuant to 42 U.S.C. § 1983. Under § 1983, Mr. Stamps must allege that Defendant violated his rights under the Constitution and laws of the United States while Defendant acted under color of state law. **See Adickes v. S. H. Kress & Co.**, 398 U.S. 144, 150 (1970). Construing the second amended complaint liberally, the Court finds that Mr. Stamps is claiming he was denied due process when he was held in the El Paso County Jail in 2003.

The Court finds that Mr. Stamps' claim for damages challenging his detention in the El Paso County Jail is barred by **Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. **See Heck**, 512 U.S. at 486-87. Although Mr. Stamps is not challenging his conviction or sentence, the rule in **Heck** is not limited solely to claims challenging the validity of criminal convictions and sentences, but also applies to claims seeking to invalidate the results of other forms of detention. **See Edwards v. Balisok**,

3

520 U.S. 641 (1997) (applying *Heck* to prison inmate's claims challenging procedures used to deprive him of good time credits); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation); *see also Cohen v. Clemens*, 321 F. App'x 739, 741-42 (10th Cir. 2009) (applying *Heck* to claims for damages by immigration detainee challenging legality of his detention).

Mr. Stamps does not allege, and there is no indication in the Court's file, that he has invalidated the legality of his detention in the El Paso County Jail in 2003. Therefore, the constitutional claim for damages is barred by *Heck* and will be dismissed as legally frivolous. Furthermore, even if Mr. Stamps' claim for damages could be construed in a manner that does not implicate the validity of his detention in the El Paso County Jail in 2003, the Court finds that the claim would be barred by the statute of limitations because the claim arose more than two years before the instant action was filed in 2009. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (finding that a two-year statute of limitations applies to § 1983 actions in Colorado).

As noted above, Mr. Stamps also seeks declaratory relief in this action. Assuming the claim for declaratory relief would not be barred for the same reasons discussed above with respect to Mr. Stamps' claim for damages, the claim for declaratory relief still must be dismissed because Mr. Stamps fails to identify any actual controversy as required pursuant to 28 U.S.C. § 2201(a). Magistrate Judge Boland specifically advised Mr. Stamps that "a declaratory judgment plaintiff must present the court with a suit based on an 'actual controversy.'" *Surefoot LC v. Sure Foot Corp.*,

531F.3d 1236, 1240 (10th Cir. 2008). Magistrate Judge Boland also explained to Mr. Stamps that the question in a declaratory judgment action "is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 1244 (internal quotation marks omitted). Despite these instructions, Mr. Stamps fails to identify any actual controversy that exists today based on his detention in the El Paso County Jail in 2003. Therefore, the claim for declaratory relief also will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 11th day of March, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02821-BNB

Ivan Stamps
Prisoner No. 68133
Delta Corr. Center
4102 Sawmill Mesa Road
Unit 5
Delta, CO 81416

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/12/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk